Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence MODIFIES and AFFIRMS the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and are subject to the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff-employee and defendant-employer on September 28, 1994.
3. Reliance Insurance Company was the carrier on risk on that date with Constitution States Service Corporation as the servicing agent.
4. Plaintiff's average weekly wage, determined by an Industrial Commission Form 22, was admitted at the hearing as Stipulated Exhibit #1.
5. Plaintiff's medical records concerning this claim were admitted into evidence.
RULES ON EVIDENTIARY MATTERS
The objections contained within the deposition of Dr. Dale A. Menard and Dr. P.E. Brown are ruled upon in accordance with the applicable provisions of the law and the Opinion and Award in this case.
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
FINDINGS OF FACT
1. On September 28, 1994, plaintiff was a thirty-five year old female employed by defendant-employer as a clamp operator/rip saw operator. Prior to September 28, 1994, plaintiff's job duties as a clamp operator consisted of building sofa and chair frames for defendant-employer. The job was full-time and required lifting twenty-five to thirty pounds and frequent bending. On September 28, 1994, plaintiff was switched to ripsaw operator duties which required lifting oak boards weighing approximately twenty-five pounds.
2. On September 28, 1994, plaintiff lifted an oak board weighing approximately twenty-five pounds and felt a sudden burning in her low back. This burning sensation continued and plaintiff reported the pain to Tom Cline who was her supervisor as well as her father. Initially, plaintiff thought she had a kidney infection.
3. Plaintiff sought treatment from Catawba Memorial Emergency Room on September 29, 1994 where it was determined plaintiff suffered from a lumbar strain not a kidney infection. Plaintiff reported to her supervisor she suffered an injury to her back when she realized she did not have a kidney infection.
4. Plaintiff sought treatment from Dr. Robert Hart, a Hickory family physician, on October 3, 1994 when her back pain failed to resolve itself. Dr. Hart placed the plaintiff on work restrictions of no repetitive bending or stooping and no lifting over fifteen pounds.
5. The defendant-employer did not have any work which met plaintiff's work restrictions. Plaintiff was laid off by defendant-employer on October 17, 1994. Plaintiff's last workday was a partial day on September 29, 1994.
6. Prior to plaintiff's work-related injury to her back on September 28, 1994, plaintiff had experienced back pain in 1978 and 1992. The back pain plaintiff experienced on September 28, 1994 was unrelated to any pre-existing condition.
7. Plaintiff underwent an MRI in February, 1995 when conservative treatment did not alleviate her problems. The MRI revealed a bulging disk at L4-5.
8. Drs. Menard and Brown have opined that the lifting on September 28, 1994 could have caused the injury for which they treated the plaintiff.
9. As a result of the work-related injury by accident to her back on September 28, 1994, plaintiff has a bulging disk.
10. Since November 28, 1994, plaintiff has been under the physical restrictions of no repetitive twisting, bending or lifting above twenty-five pounds. As a result of her work-related incident on September 28, 1994, plaintiff is unable to return to her former job as a frame clamper or ripsaw operator.
11. As a result of her work-related incident on September 28, 1994, plaintiff was unable to earn wages, except during the period of October 31, 1994 to December 17, 1994 when plaintiff held a part-time job. The wages earned from the part-time work were not indicative of plaintiff's wage earning capacity.
12. Plaintiff attempted to work part-time as a kitchen helper from October 31, 1994 through December 17, 1994 at a rate of $4.25 per hour for approximately thirteen to twenty hours per week. This averages out to be 16.5 hours per week. Plaintiff was able to earn an average weekly wage of $69.00 during said period.
13. Plaintiff sought medical treatment from Dr. Dale Menard, a neurologist, beginning in May, 1995. Dr. Menard directed the plaintiff to remain out of work from May 16, 1995 through September 21, 1995.
14. Plaintiff had not reached maximum medical improvement at the time of hearing before the deputy commissioner.
15. Plaintiff received $80.00 in unemployment benefits but could not receive additional money because her back injury of September 28, 1994 prevented her from working.
16. The medical treatment received by the plaintiff for her back was reasonably required to effect a cure, provide relief, and/or tended to lessen her disability.
17. Plaintiff's average weekly wage, per the North Carolina Industrial Commission Form 22, is $276.36 which results in a compensation rate of $184.24.
*************
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On September 28, 1994 plaintiff sustained an injury by accident or specific traumatic incident to her back arising out of and in the course of her employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. As a result of her compensable injury on September 28, 1994, plaintiff is entitled to temporary total disability at her weekly compensation rate of $184.24 from September 29, 1994 through October 30, 1994 and from December 18, 1994 and continuing until further order of the Industrial Commission. Defendants are entitled to a credit of $80.00 for monies plaintiff received in Employment Security benefits. N.C. Gen. Stat. § 97-29.
3. As a result of her compensable injury on September 28, 1994, plaintiff is entitled to temporary partial disability compensation from October 31, 1994 through December 17, 1994 at a weekly compensation rate of $138.20 which represents sixty-six and two-thirds percent (66 2/3) of the difference between her average weekly wages before the injury and the average weekly wage which she was able to earn thereafter. N.C. Gen. Stat. § 97-30.
4. Plaintiff is entitled to have defendants provide all medical treatment arising from her injury by accident. N.C. Gen. Stat. § 97-25.
************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Subject to a reasonable attorney's fee herein approved, the defendant shall pay temporary total disability compensation to the plaintiff at the rate of $184.24 per week beginning September 29, 1994 through October 30, 1994 and from December 18, 1994 and continuing until further order of the Industrial Commission. Defendants shall receive a credit in the amount of $80.00 for Employment Security benefits plaintiff received. As much of said compensation as has accrued shall be paid in a lump sum.
2. Subject to a reasonable attorney's fee herein approved, the defendant shall pay temporary partial compensation to the plaintiff beginning October 31, 1994 through December 17, 1994 at a weekly compensation rate of $138.20. This amount shall be paid in a lump sum.
3. A reasonable attorney's fee of twenty-five percent (25%) of the compensation awarded to plaintiff in Paragraphs 1 and 2 of this Award is hereby approved for plaintiff's attorney payable as follows: twenty-five percent (25%) of the accrued award shall be deducted from the sum due plaintiff and paid directly to plaintiff's attorney; thereafter, plaintiff's attorney shall receive every fourth check.
4. As the plaintiff has not reached maximum medical improvement at the time of the hearing before the deputy commissioner, this opinion does not address permanent partial disability. However, in the event the parties should be unable to agree on the amount of permanent partial disability compensation which may be due plaintiff, either party may request a hearing from the Industrial Commission to resolve this matter.
5. Defendants shall pay all medical expenses incurred or to be incurred in the future by plaintiff as a result of her compensable injury on September 28, 1994 when bills for the same have been submitted and approved through procedures adopted by the Industrial Commission.
6. Defendants shall pay the costs.
 S/ ___________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ___________________________ THOMAS J. BOLCH COMMISSIONER
S/ ___________________________ MARGARET MORGAN DEPUTY COMMISSIONER
BSB/jth